UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NANCI ROWE, individually, and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>RANIERI LAW LLC,<br><br>   Defendant. | Case No.: |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Nanci Rowe brings this class action complaint on behalf of herself and all others similarly situated ("Plaintiff") against Defendant Ranieri Law ("Ranieri" or "Defendant") to stop Defendant's practice of sending unsolicited text messages to telephones of consumers nationwide in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Ranieri is a business the principal purpose of which is to engage in credit repair services.

2. The TCPA strictly forbids nuisance text messages exactly like those alleged in this Complaint – intrusive text messages to private cellular phones whose phone numbers are obtained without prior express consent of call recipients.

3. Ranieri's actions violated Plaintiff's statutory rights causing Plaintiff actual harm, including aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited text messages.

4. Plaintiff seeks an injunction stopping Ranieri from sending unsolicited text messages, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). Subject matter jurisdiction over this action is further appropriate in this Court pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Classes is a citizen of a state different than Defendant, (ii) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (iii) none of the exceptions under that subsection apply to this action.

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District and Plaintiff is domiciled here.

## PARTIES

7. Plaintiff Nanci Rowe is, and at all times mentioned was, a resident of Aurora, Illinois. She is, and at all times mentioned herein, was a "person" as defined by 47 U.S.C. § 153 (39).

8.      Defendant Ranieri Law, is a corporation, with its principal place of business at 5701 N Pine Island Rd #200, Tamarac, Florida 33321, located in Broward County, and is a "person" as defined by 47 U.S.C. § 153 (39).

9.      Plaintiff alleges that at all times relevant herein Ranieri conducted business in the State of Illinois and within this District.

## THE TELEPHONE CONSUMERS PROTECTION ACT OF 1991 ("TCPA")
## 47 U.S.C. §§ 227 *et seq.*

10.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

12.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

3

and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

13. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

14. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

15. Furthermore, on July 10, 2015, the FCC released a Declaratory Ruling wherein it was confirmed that a consumer has the right to revoke "prior express consent" using any reasonable method, including orally or in writing, even if a consumer previously consented to such communication.[6]

16. Likewise, the Mobile Marketing Association declared in October 2012 in its *U.S. Consumer Best Practices for Messaging* that "[a] subscriber must be able to stop participating

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

[6] *In Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 15-72 (FCC July 10, 2015) available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order (last visited on April 18, 2016)

and receiving messages from any program by sending STOP to the short code used for that program…" and "… if the subscriber sent STOP or STOP ALL to the short code, they are opted out of all programs they were enrolled in on that short code."

17. A text message is deemed to be a call under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

## FACTUAL ALLEGATIONS

18. On or about January 14, 2018, despite a lack of consent or the existence of a prior relationship with Defendant, Plaintiff received an unsolicited text message to her wireless phone number, 815-342-3879.

19. The text stated: Nancy, my name is Sheldon Fishman with Ranieri Law calling regarding credit repair. If you are looking to improve your credit score or clean up negative items off your report please call me @9548548044 thanks."

20. These unsolicited text messages placed to Plaintiff's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), which has the capacity to produce or store numbers randomly or sequentially, to dial such numbers, and to place text message calls to Plaintiff's cellular telephone.

21. During the course of this text message marketing campaign, upon information and belief, thousands of consumers received unsolicited text messages. Upon information and belief, in order to reach these thousands of consumers, hundreds of these automated uniform text messages were sent out at the same moment in time by the auto dialing system. In this way, the text marketing campaign was able to be accomplished in a very short period of time.

22. The telephone number that Defendant, or its agents, texted was assigned to a cellular telephone service for which Plaintiff incurred monthly charges pursuant to 47 U.S.C. § 227 (b)(1).

23. These text messages do not constitute calls for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24. Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(A).

25. Consequently, these text messages sent by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

26. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

27. Notwithstanding the above, Plaintiff's cellular phone number has been registered on the Do Not Call registry for over ten years prior to the date that Plaintiff received the text message.

28. Nonetheless, Plaintiff received an unsolicited marketing text message.

29. Upon information and belief, Defendant does not maintain procedures to prevent unsolicited calls from being made to consumers on the Do Not Call registry. Had such rules been put in place, Plaintiff would not have received the violative message.

30. Upon information and belief, Defendant does not train its personnel in compliance with the Do Not Call rules. Had such rules been put in place, Plaintiff would not have received the violative message.

31. Upon information and belief, Defendant does not maintain a list of numbers that they may not contact. Had such rules been put in place, Plaintiff would not have received the violative message.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) Individually, and on behalf of all others similarly situated ("the Classes").

33. Autodial Class:

All persons within the United States who received any unsolicited text message from Defendant or its agents on their cellular telephones through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3), which text messages by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint through the date of final approval.

34. Do Not Call Class:

All persons within the United States who received any unsolicited text message from Defendant or its agents on their cellular telephones, after being registered on the federal Do Not Call List without the recipients' prior express consent, within four years prior to the filing of this Complaint through the date of final approval.

35. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the members of each Class number in the hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

36. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the members of the Classes via their cellular telephones by using unsolicited text messages, thereby harming Plaintiff and the members of the Classes by causing them to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the

7

members of the Classes previously paid. Furthermore, as a result of its actions Defendant, either directly or through its agents, invaded the privacy of said Plaintiff and the members of the Classes, and Plaintiff and the members of the Classes were damaged thereby.

37. This suit seeks only statutory damages and injunctive relief on behalf of the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the definition of the Classes to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the members of each Class is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Classes can be identified through Defendant's records or Defendant's agents' records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint through the date of final approval, Defendant or its agents sent text messages without the recipients' prior express consent (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system, to any telephone number assigned to a cellular telephone service;

  b. Whether the equipment Defendant, or its agents, used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA; (Autodialer Class)

  c. Whether Defendant, or its agents, systematically sent text messages to persons registered on the federal Do Not Call registry; (Do Not Call Class)

  d. Whether Defendant, or its agents, systematically sent text messages to persons who did not previously provide Defendant with their prior express consent to receive such text messages;

  e. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

  f. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

40. As a person that received at least one unsolicited text message to her cell phone without Plaintiff's prior express contest and while listed on the federal Do Not Call registry, Plaintiff is asserting claims that are typical of the Classes.  Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interest antagonistic to any member of the Classes.

41. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

43. A class action is a superior method for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

44. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

## COUNT 1
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Each such text message was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

47. Defendant also sent text messages without the prior express consent of the Plaintiff and other members of the Class to receive such text messages.

48. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

49. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 2
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

51. Plaintiff incorporates by reference the above paragraphs in this Complaint as though fully stated herein.

52. Each such text message was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendant was able to effectively sent thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.  These text messages were made without the prior express consent of Plaintiff and other members of the Class to receive such text messages.

53. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

54. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

55. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 3
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227(c)(3)(F) and 47 CRF § 64.1200(C) *ET SEQ.***

56. Plaintiff incorporates by reference the above paragraphs in this Complaint as though fully stated herein.

57. Plaintiff's residential telephone was registered with the Do Not Call registry at all relevant times.

58. Nonetheless, Defendant initiated a telephone solicitation to Plaintiff's telephone.

59. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F) and 47 CRF § 64.1200(C).

60. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 4
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(c)(3)(F) and 47 CRF § 64.1200(d) ET SEQ.

61. Plaintiff incorporates by reference the above paragraphs in this Complaint as though fully stated herein.

62. For the purpose of telemarketing, Defendant solicited Plaintiff on her residential telephone.

63. Upon information and belief, Defendant does not maintain a list of persons who request not to receive telemarketing calls.

64. Upon information and belief, Defendant neither has written policies concerning the Do Not Call list, nor does it train its employees concerning telemarketing.

65. Defendant failed to adequately identify the seller or telemarketer pursuant to 47 CRF § 64.1200(d)(4).

66. Defendant is not a tax exempt organization.

67. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory

damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F) and 47 CRF § 64.1200(d).

Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 5
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 CRF § 64.1200(d) ET SEQ.
### AS TO ALL DEFENDANTS

68.  Plaintiff incorporates by reference the above paragraphs in this Complaint as though fully stated herein.

69.  For the purpose of telemarketing, Defendant solicited Plaintiff on her residential telephone.

70.  Upon information and belief, Defendant does not maintain a list of persons who request not to receive telemarketing calls.

71.  Upon information and belief, Defendant has neither written policies concerning the Do Not Call list, nor does it train its employees concerning telemarketing.

72.  Defendant failed to adequately identify the seller or telemarketer pursuant to 47 CRF § 64.1200(d)(4).

78.  Defendant is not a tax exempt organizations.

79. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F) and 47 CRF § 64.1200(d).

80. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

### FIRST COUNT FOR NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

79. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

80. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### SECOND COUNT FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

81. As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

82. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

### THIRD COUNT FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 (C)(3)(F) AND 47 CFR § 64.1200(C) *ET. SEQ.* .

83. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F) and 47 CRF § 64.1200(C).

84. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

### FOURTH COUNT FOR NEGLIGENT VIOLATIONS OF THE TCPA
### U.S.C. § 227(c)(3)(F) and 47 CRF § 64.1200(d) *ET SEQ*.

85. As a result of Defendants', and Defendants' agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F) and 47 CRF § 64.1200(d).

86. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

### FIFTH COUNT FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
### 47 CRF § 64.1200(d) ET SEQ.

87. As a result of Defendants', and Defendants' agents', knowing and/or willful violations of 47 CRF § 64.1200(d) *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F) and 47 CRF § 64.1200(d).

88. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

\* \* \*

89. An order certifying the Class as defined above, appointing Plaintiff Rowe as Class Representative, and appointing Matthew Fornaro, P.C. as Class Counsel.

90. An award of reasonable attorneys' fees (in the event of a class recovery) and costs.

91. Any other relief the Court may deem reasonable, just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all text messages, recordings, data, emails, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the sending of text messages, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the account in question, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

Dated: May 9, 2019                /s/ *Matthew Fornaro*
                                  Matthew Fornaro, Esq.
                                  Matthew Fornaro, P.C.
                                  11555 Heron Bay Boulevard, Suite 200
                                  Coral Springs, FL 33076
                                  954-324-3651
                                  mfornaro@fornarolegal.com

                                  ***Attorneys for Plaintiff and the Proposed Class***